Thomas A. Rist (SBN 238090)
**RIST LAW OFFICE, LC**
2221 Camino Del Rio South, Suite 300
San Diego, CA 92108
(619) 377-4660
tom@sdvictimlaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA PAULDING, | Case No.: 2:25-cv-09260-SVW-JCx |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR:** |
| v. | 1) Negligence<br>2) Negligence *Per Se* |
| CHURCH OF SCIENTOLOGY INTERNATIONAL, a California Corporation; and DOES 1 through 10, inclusive, | |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, Cynthia Paulding, complains and alleges as follows:

**INTRODUCTION AND JURISDICTION**

1. This matter arises out of a slip and fall incident that occurred on September 29, 2023 in Hollywood, Los Angeles County, California. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000, inclusive of interest and costs and is between citizens of different states.

**PARTIES**

2. Plaintiff, Cynthia Paulding ("Plaintiff") is and was at all times relevant hereto, a resident of Huntington, West Virginia.

3. Defendant Church of Scientology International ("CSI") is a California nonprofit corporation, with headquarters in Los Angeles, California, with a principal and mailing address of 6331 Hollywood Blvd., Los Angeles, CA 90028; with an agent of Jeanne M. Reynolds, 3500 West Olive Avenue, Suite 300, Burbank, CA 91505.

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

5. Plaintiff is informed and believes and based thereupon alleges that, at all times herein mentioned, each and every defendant herein was the agent of each and every other defendant and, in doing the things hereinafter alleged, was acting in the course and scope of such agency. Plaintiff further alleges that each defendant knowingly and willfully conspired, agreed and combined to commit the acts herein alleged and ratified, condoned and approved the actions of each and every other defendant.

**JURISDICTION AND VENUE**

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds $75,000, inclusive of interest and costs and is between citizens of different States.

7. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(b) because the incident giving rise to this claim occurred in Hollywood, California.

8. The Plaintiff's allegations, described more fully below, arise from certain statutory and common law obligations, and subject matter is, therefore, appropriately vested in this Court.

**FACTS**

9. Upon information and belief, Defendant CSI and Does 1-10, inclusive, were the owners of and/or were tenants in the building physically located at 6724 Hollywood Blvd, Los Angeles, CA 90028-4622.

10. Upon information and belief, Defendant CSI was operating a business out of 6724 Hollywood Boulevard, Los Angels, California known as the Church of Scientology Information Center.

11. Upon information and belief, at all times material hereto, the Church of Scientology Information Center was a wholly owned subsidiary of, and was operated, managed, maintained and controlled by, all Defendants. All Defendants were owners and de facto "licensees" of the



-3-
FIRST AMENDED COMPLAINT

business and/or building, based upon their actual ownership, operation, management and control of the subject building, pictured below:

12. At all times material hereto, all named Defendants exercised extensive authority over the subject building, which included, but was not limited to, management, maintenance, inspection, training, staffing, and policy and procedure creation and implementation.

13. At all times material to this action, all Defendants exercised control of the subject building, including creation and maintenance of overlapping, interlocking corporate officers and boards of directors, transfer and utilization of employees between subsidiary and parent corporations without regard to corporate form, and combined accounting processes and bookkeeping procedures including intra-corporate transfers of assets and liabilities.

14. At all times material to this action, all Defendants were the alter egos of each other, and exercised such control of the operation and management and maintenance functions of the subject building, that the entity served as a mere conduit through which all named Defendants conducted their business.

15. All Defendants do business in Los Angeles County, Los Angeles, California, in the Central District of California, or did business in Los Angeles County, Los Angeles, California, in the Central District of California, at the time of the events set forth in this Complaint.

16. In the alternative, Plaintiff alleges that to the extent all named Defendants are found to be separate corporate entities, each Defendant remains liable for the acts of the others, as the Defendants operated the facility as a joint enterprise and/or joint venture. Defendants entered into an express or implied agreement to operate the subject Scientology Building. Defendants shared a common interest and purpose in the operation of this facility. All named Defendants shared

authority over the management and operation of the subject Scientology Building, including but not limited to, the inspection for, remediation of, and warnings for hazards on the premises.

17. At all times material hereto, all Defendants exercised extensive authority over the subject premises, which included, but was not limited to, management, maintenance, inspection, training, staffing, and policy and procedure creation and implementation to keep it safe.

18. Plaintiff is informed and believes, and thereon alleges, that all times mentioned, each Defendant was the agent, servant, employee, or joint venturer of the other Defendants, and was acting within the course and scope of such agency or employment.

19. On or about September 29, 2023, Plaintiff was walking on Hollywood Blvd in front of the Scientology Building in Los Angeles California.

20. While walking on the sidewalk adjacent to and/or adjoining the Scientology Building, Plaintiff slipped on extremely slick and slippery section of the sidewalk, causing her to fall, and causing the bodily injuries and damages set forth in this Complaint, including but not limited to, permanent injuries.

21. The existence of the extremely slick and slippery section of the sidewalk that Plaintiff slipped on was unknown to Plaintiff at any time prior to the slip and fall.

22. Plaintiff was unaware of the extremely slick and slippery section of the sidewalk prior to her slip and fall, which was neither open nor obvious to the Plaintiff.

23. The area where Plaintiff slipped and fell, which was sidewalk adjacent to and/or adjoining the Scientology Building, was a reasonable path of pedestrian traffic, which was known or should have been known to Defendants.

24. Defendants, by and through their owners, agents, contractors and/or employees, owned, operated and were in exclusive control of said premises, including, but not limited to, the subject hazards set forth herein.

25. Defendants, by and through their owners, agents, contractors and/or employees, managed and maintained the subject premises, including, but not limited to, the area containing the subject hazards set forth herein.

26. Plaintiff slipped and fell due to a hidden defect and hazard affirmatively created by the negligence of the Defendants.

27. At all times herein, Plaintiff acted reasonably under the circumstances and did not see any slip hazards in the area before slipping and falling.

28. No warning signs were in place to warn of a slipping hazard.

29. Plaintiff slipped on a freshly mopped sidewalk which was a hazard affirmatively created by Defendants, which was all unknown to Plaintiff at any time prior to the slip and fall. Upon information and belief, the subject sidewalk was mopped by agents, contractors, representatives and/or employees of Defendants prior the subject slip and fall and no warning signs were in place to warn pedestrians, including Plaintiff, of the extremely slick and wet and dangerous conditions of the sidewalk prior to her slip and fall.

30. Plaintiff was unaware of the specific slipping hazard on the sidewalk prior to her slip and fall, which was neither open nor obvious to the Plaintiff.

31. The area where Plaintiff slipped and fell was a reasonable path of ingress and egress for pedestrian traffic going to and from areas on the sidewalk in front of the scientology center.

32. Defendants by and through their owners, agents, contractors and/or employees, owned, operated and were in exclusive control of said premises, including, but not limited to, the

subject hazards set forth herein. The freshly mopped surface created a slipping hazard to unsuspecting people walking down the boulevard.

33.    Defendants, by and through their owners, agents, contractors and/or employees, managed and maintained the subject premises, including, but not limited to, the area containing the subject hazards set forth herein.

## COUNT I: NEGLIGENCE
### (Against All Defendants)

34.    Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully restated herein.

35.    Defendants had a duty to keep their premises in a reasonably safe condition, including but not limited to, assuring that he exterior sidewalk adjacent to and/or adjoining their premises was maintained in a reasonably safe condition, and assuring that no affirmative acts on Defendants' part create an unreasonable safety hazard.

36.    At all times relevant herein, the Defendants' actions toward the Plaintiff were negligent in one or more of the following particulars:

    a.    Defendants breached their duty to exercise ordinary care to keep their premises in a reasonably safe condition;

    b.    Defendants failed to fix hidden dangers and/or defects on their property, including but not limited to, extremely slick and slippery section of the sidewalk that could cause bodily injury;

    c.    Defendants failed to warn of hidden dangers and/or defects on their property, including but not limited to the extremely slick and slippery section of the sidewalk that could cause bodily injury;

    d.    Defendants failed to reasonably inspect their premises for dangerous conditions, including but not limited to the extremely slick and slippery section of the sidewalk that could cause bodily injury;

    e.    Defendants permitted hidden dangers and/or defects to exist on their premises and failed to provide an adequate warning to advise pedestrians of their existence or a barrier to prevent injury to them, including but not limited to the extremely slick and slippery section of the sidewalk that could cause bodily injury;

    f.    The Defendants owed a duty of care under California Streets & Highways Code §5610 BS applicable common law to maintain the sidewalk in safe condition.

    g.    The Defendants violated their duty to refrain from doing an affirmative act which would render the sidewalk dangerous to the public, pursuant to *(Seiger v. Steven Brothers, Inc.* (1990) 222 Cal.App.3d 1585, 1592 [272 Cal.Rptr. 544), internal citations omitted.)

    h.    The Defendants violated their duty as occupiers and/or property owners of their property as to not injure the users and an abutting sidewalk, pursuant to *(Lompoc Unified School Dist. v. Superior Court* (1993) 20 Cal.App.4th 1688, 1693 [26 Cal.Rptr.2d 122), internal citations omitted.)

    i.    Defendants were otherwise negligent by virtue of other acts and omissions known and unknown to the Plaintiff.

37.    Defendants recklessly and/or negligently maintained said premises by permitting hidden dangers and/or defects to exist thereon, in the form of the extremely slick and slippery

section of the sidewalk adjoining and/or adjacent to the subject building of the Defendants that could cause bodily injury as described above, and Defendant knew or should have known of the danger and risk these dangers and/or defects presented to the public.

38. Defendants negligently maintained sidewalk in a reasonably safe condition, to repair obvious conditions, and to warn of hazards.

39. Defendants breached their duty by failing to repair, maintain or warn of the extremely slick section of the sidewalk just mopped and as a direct and proximate result, Plaintiff sustained injuries and damages.

40. Defendants, by and through its owners, agents, and/or employees knew or should have known of the foreseeable risk of serious harm that could occur to pedestrians, like Plaintiff, by permitting the hidden dangers and/or defects to exist and failing to provide an adequate warning to advise patrons and guests of their existence or barrier to prevent injury to them.

41. The hidden dangers and/or defects on Defendants' property, including but not limited to the extremely slick and slippery section of the sidewalk that could cause bodily injury, were not open, obvious, reasonably apparent or as well known to the Plaintiff as they were to the Defendants. The actions of Defendants caused personal injury, pain and suffering and other damages to Plaintiff in an amount in excess of $75,000.

**COUNT II – NEGLIGENCE PER SE**
**(Against All Defendants)**

42. Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully restated herein.

43. The existence of the dangerous slick sidewalk surfaces that could cause bodily injury on their premises were such grossly negligent conditions that their existence violates

multiple State, Federal and Local building codes, health regulations, industry standards and guidelines.

44. California Streets & Highways Code §5610 states the following:

> 5610. The *owners* of lots or portions of lots fronting on any portion of a public street or place when that street or place is improved or if and when the area between the property line of the adjacent property and the street line is maintained as a park or parking strip, **shall maintain any sidewalk in such condition that the sidewalk will not endanger persons** or property and maintain it in a condition which will not interfere with the public convenience in the use of those works or areas save and except as to those conditions created or maintained in, upon, along, or in connection with such sidewalk by any person other than the owner, under and by virtue of any permit or right granted to him by law or by the city authorities in charge thereof, and such persons shall be under a like duty in relation thereto. **(Emphasis Added.)**

45. "…violation of the law does raise a presumption that the violator was negligent. This is called negligence per se." (Jacobs Farm/Del Cabo, Inc. v. Western Farm Service, Inc. (2010) 190 Cal.App.4th 1502, 1526 [119 Cal.Rptr.3d 529]; see also Cal. Law Revision Com. com. to Evid. Code, § 669.)

46. Defendants violated the above statute, among others in California, including but not limited to various regulations, which violations were the proximate cause of the Plaintiff's injuries.

47. Plaintiff was injured because Defendants violated the law, including, but not limited to those provisions set forth above, and as such, establishes the negligence *per se* of the Defendants. The actions of Defendants caused personal injury, pain and suffering and other damages to Plaintiff in an amount in excess of $75,000.

///

///

## PRAYER

Plaintiffs pray for judgement against Defendants as follows:

1. General damages in an amount to be proven at trial;

2. Special Damages according to proof;

3. Exemplary damages according to proof;

4. Prejudgment Interest according to law;

5. For costs of suit incurred herein;

6. Attorney's fees as allowed by statute;

7. All applicable statutory damages;

8. For such other and further relief as this Court deems just and proper.

Dated: November 17, 2025                  Respectfully submitted,

**RIST LAW OFFICE, LC**

By: /s/ Thomas A. Rist
Thomas A. Rist
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: November 17, 2025                  Respectfully submitted,

**RIST LAW OFFICE, LC**

By: /s/ Thomas A. Rist
Thomas A. Rist
Attorney for Plaintiff