**SNYDER LAW FIRM, PLC**
20969 Ventura Boulevard, Suite 228
Woodland Hills, California 91364
Telephone: (818) 706-0077
Facsimile: (818) 706-1177
BRAD A. SNYDER, No. 108643
RYAN J. SNYDER, No. 322708

Attorneys for Defendant CHURCH OF SCIENTOLOGY INTERNATIONAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA PAULDING,<br><br>Plaintiff,<br>v.<br><br>CHURCH OF SCIENTOLOGY INTERNATIONAL, a California Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-09260-SVW-JCx<br><br>**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** |

TO THE HONORABLE COURT:

COMES NOW CHURCH OF SCIENTOLOGY INTERNATIONAL ("Defendant") and answers the First Amended Complaint as follows:

1. Responding Defendant admits the allegations in the First Amended Complaint in the following paragraphs: 3, and 7.

2. Responding Defendant denies the allegations in the First Amended Complaint in the following paragraphs: 1, 6, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 24, 25, 26, 29, 32, 33, 36, 37, 38, 39, 40, 41, 43, 46, and 47.

3. Responding Defendant lacks knowledge or information sufficient to form

a belief about the truth of allegations in the following paragraphs in the First Amended Complaint and therefore denies such allegations: 2, 8, 19, 20, 21, 22, 23, 27, 28, 30, and 31.

4. The following paragraphs in the First Amended Complaint do not include factual allegations and therefore no specific response is required: 4, 5, 34, and 42.

5. The following paragraphs in the First Amended Complaint are purported statements of law and therefore no specific response is required 35, 44, and 45.

6. Except as expressly admitted herein, responding Defendant denies all of the allegations of the First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State Facts)

1. With respect to each and every cause of action, Plaintiff's First Amended Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Failure To Mitigate)

2. With respect to each and every cause of action, while Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, Defendant is informed and believes that Plaintiff has failed to mitigate any purported damage she has allegedly suffered. Defendant further alleges that, to the extent any damages could have been mitigated, such sum should be deducted from the alleged damages.

## THIRD AFFIRMATIVE DEFENSE
### (Statutes of Limitation)

3. Defendant is informed and believes and thereon allege that one or more causes of action of Plaintiff's First Amended Complaint are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

4. With respect to each and every cause of action, while Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, Defendant alleges that such damages resulted from negligence or wrongful conduct of Plaintiff and others, and that Plaintiff's damages are to be reduced accordingly.

## FIFTH AFFIRMATIVE DEFENSE

(Intervening/Superseding Causes)

5. Defendant is informed and believes, and based upon such information and belief alleges that the injuries and damages alleged in the Plaintiff's First Amended Complaint were legally caused or contributed to by the negligence or other acts or omissions of other Defendants, persons or entities, and that said negligence or other acts or omissions were an intervening and superseding cause of injuries and damages, if any, of which the Plaintiff complains.

## SIXTH AFFIRMATIVE DEFENSE

(Proportionate Liability)

6. Defendant is informed and believes, and based upon such information and belief alleges that at all times relevant hereto, should this Defendant be found liable to the Plaintiff, then such liability shall only be premised upon their proportionate share of liability, if any, and not jointly and severally with any other Defendants named, or to be named, herein.

## SEVENTH AFFIRMATIVE DEFENSE

(No Duty/No Notice)

7. At all times relevant hereto, this answering Defendant had neither a duty to maintain the area where the alleged incident occurred, nor had actual or constructive knowledge of the alleged dangerous condition on the city owned property. Further, this answering Defendant alleges that the dangerous condition on the ground had not

existed for such a length of time so that in the exercise of reasonable care, this answering Defendant would have discovered the condition in time to remedy it or to give warning before the Plaintiff's alleged incident occurred.

### EIGHTH AFFIRMATIVE DEFENSE
(Open and Obvious)

8. At all times relevant hereto, this answering Defendant contends that the alleged dangerous condition on the premises was open and obvious.

### NINTH AFFIRMATIVE DEFENSE
(Trivial Defect)

9. At all times relevant hereto, this answering Defendant contends that the alleged dangerous condition on the premises was a "trivial defect."

### TENTH AFFIRMATIVE DEFENSE
(Civil Code §1431.2)

10. Defendant is informed and believes and upon such information and belief alleges that parties both served and unserved, named and unnamed, and Plaintiff, are in some manner or percentage responsible for Plaintiff's injuries or noneconomic damages, if any, and Defendants require an order from the trier of fact setting forth separate judgments, against each and every party, named and unnamed, served and unserved, and Plaintiff, for the amount of all noneconomic damages that may be recovered by Plaintiff in direct proportion of the percentage of fault of each party, named and unnamed, served and unserved, and Plaintiff, pursuant to California Civil Code §1431.2.

### ELEVENTH AFFIRMATIVE DEFENSE
(Reservation of Additional Defenses)

11. Defendant presently has insufficient information as to whether they may have additional, but as yet unknown, affirmative defenses. This answering Defendant, therefore, reserves the right to assert additional affirmative defenses in the event discovery indicates such would be appropriate.

**ANSWER TO FIRST AMENDED COMPLAINT**

## PRAYER FOR RELIEF

WHEREFORE, DEFENDANT prays for judgment as follows:

That judgment be entered in favor of Defendant, for costs of suit, and such further relief as the court deems just and proper.

Dated: January 16, 2026                                SNYDER LAW FIRM, PLC

By: _____
BRAD A. SNYDER
Attorneys for Defendant CHURCH OF
SCIENTOLOGY INTERNATIONAL

## DEFENDANT'S DEMAND FOR JURY TRIAL

TO ALL INTERESTED PARTIES:

Defendant CHURCH OF SCIENTOLOGY INTERNATIONAL hereby demand a jury trial in this action.

Dated: January 16, 2026                                SNYDER LAW FIRM, PLC

By: _____
BRAD A. SNYDER
Attorneys for Defendant CHURCH OF
SCIENTOLOGY INTERNATIONAL

**CERTIFICATE OF SERVICE**

I, Ana Oliver, declare as follows:

My address is 20969 Ventura Boulevard, Suite 228, Woodland Hills, California, which is located in the county where the service described below took place.

On, January 16, 2026, I electronically filed the foregoing document(s) described as: **ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** on all interested parties as follows:

**CM/ECF NOTICE OF ELECTRONIC FILING:** By causing such document listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list attached obtained from this Court on the Electronic Mail Notice List.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed **January 16, 2026**, at Woodland Hills, California.

|  |  |
|---|---|
| Ana Oliver | *[signature]* |
| *Printed Name* | *Signature* |

**SERVICE LIST**

Thomas A Rist
Rist Law Office, LC
2221 Camino Del Rio South, Suite 300
San Diego, CA 92108
619-377-4660
Email: tom@sdvictimlaw.com
*Attorney for CYNTHIA PAULDING*